UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FALCO VARGAS EDELMIRA DEL  )
CARMEN,                    )
                           )
          Plaintiff,       )
    vs.                    )
                           )
RODOLFO PADILLA,           )
MARTHA LUZ HERRERA a/k/a MARTHA )
PADILLA,                   )
                           )
          Defendants.      )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS**

Plaintiff, FALCO VARGAS EDELMIRA DEL CARMEN, through undersigned counsel, files this Complaint against Defendants, RODOLFO PADILLA and MARTHA PADILLA, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant RODOLFO PADILLA resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant MARTHA PADILLA resides in and/or regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant was the FLSA employer for the relevant time period.

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

**COUNT I. FEDERAL MINIMUM WAGE VIOLATION**

6.  This action arises under the laws of the United States.

7.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8.  29 U.S.C. § 206 (a) (1) states "…an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9.  Plaintiff worked for Defendants as a domestic live-in housekeeper at Defendants' residence from on or about August 14, 2001 through on or about July 8, 2015.

10. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendants as a domestic service employee, Plaintiff's work for Defendants is covered under the Fair Labor Standards Act.

11. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly

*Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

12. Additionally, Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. From on or about August 14, 2001 through on or about July 8, 2015, Plaintiff worked an average of 70 hours a week for the Defendants. Plaintiff was paid $0.63/hr for said work in violation of the Fair Labor Standards Act as said payment of $0.63/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage for all hours works for said time period.

14. The Defendants' wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

15. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether

Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

> Respectfully Submitted,
>
> J.H. Zidell, Esq.
> J.H. Zidell, P.A.
> Attorney For Plaintiff
> 300 71st Street, Suite 605
> Miami Beach, Florida 33141
> Tel: (305) 865-6766
> Fax: (305) 865-7167
> E-mail: zabogado@aol.com
>
> By:__/s/ J.H. Zidell_____
>     J.H. Zidell, Esq.
>     Florida Bar Number: 0010121